IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL E. MOORE, SR.,** : | |
| Plaintiff : | CIVIL No. 1:12-CV-1875 |
| : | |
| v. : | |
| : | |
| **THOMAS F. RYAN,** : | |
| **JOHN DOE 1, JOHN DOE 2, and** : | |
| **CITY OF HARRISBURG, PA,** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| Defendants : | |

# M E M O R A N D U M

In this Section 1983 civil rights action, Plaintiff has sued several law enforcement officers and the City of Harrisburg alleging violations of his Fourth Amendment rights. Plaintiff alleges, *inter alia*, that the individual officers, two of whom remain unidentified, were members of the Harrisburg Bureau of Police, and applied excessive force to effectuate his arrest on September 26, 2009. Presently before the court is Defendants' second motion to partially dismiss (Doc. 22), wherein Defendants contend that Plaintiff has failed to state a valid Section 1983 claim against the City of Harrisburg, and that the statute of limitations bars any claim against the unidentified individual defendants. For the following reasons, Defendants' motion will be granted in part and denied in part.

**I.      Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for the purposes of the motion

*sub judice*, and in light of the record presently in existence, the court only considers the allegations contained in the original (Doc. 1) and amended (Doc. 20) complaints.

### A. **Procedural History**

Initially proceeding in this matter *pro se*, Plaintiff, Darryl Moore, filed his original complaint commencing this civil action on September 20, 2012. (Doc. 1.) In that complaint, Plaintiff named Thomas F. Ryan ("Defendant Ryan") & K9, the City of Harrisburg ("City of Harrisburg"), and the Harrisburg Police Bureau as defendants. (*Id*.) Pursuant to the court's September 20, 2012 order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 7), the Clerk of Courts issued a summons to the three named Defendants, the receipt of which was acknowledged by Defendants' attorney on October 16, 2012 (Doc. 8 (as to Defendant Ryan) & Doc. 9 (as to Defendants Harrisburg Police Bureau and City of Harrisburg)). On November 20, 2012, Defendants filed a motion to dismiss (Doc. 12), followed by a brief in support (Doc. 13) on December 4, 2012.

On December 7, 2012, the court granted Plaintiff an extension of time to respond to Defendants' motion to dismiss due to his recent release from incarceration, which he alleged created "an inadequate amount of time to locate counsel." (*See* Doc. 14.) Following the entry of appearance of Devon M. Jacob, Esquire, and Travis S. Weber, Esquire, on Plaintiff's behalf, the court granted a second motion for an extension of time to allow Plaintiff's counsel an opportunity to respond to the pending motion to dismiss. (Doc. 19.)

On February 5, 2013, Plaintiff filed an amended complaint. (Doc. 20.) In addition to clarifying the causes of action and facts set forth in the original complaint, the amended complaint altered the named defendants. Specifically, the

2

amended complaint removed the "Harrisburg Police Bureau," but added "John Doe 1" and "John Doe 2" ("Unidentified Defendants"). (*See id.*)[1] On February 20, 2013, Defendants filed an amended motion to dismiss (Doc. 22) and brief in support (Doc. 23). On March 6, 2013, Plaintiff filed a brief in opposition (Doc. 24), to which Defendants replied (Doc. 26). Thus, the matter has been fully briefed and is ripe for disposition.

### B.  Facts[2]

In the morning of September 26, 2010, Plaintiff was walking on Hoerner Street in the city of Harrisburg, Dauphin County, Pennsylvania, when he noticed a person kneeling next to a dog at the end of an alley. (Doc. 20 at ¶¶ 9, 10.) At that time, there was an active bench warrant for Plaintiff's arrest due to Plaintiff's failure to appear at a hearing in a criminal proceeding. (*Id*. at ¶ 33.) The unidentified person released the dog, which "charged quickly and aggressively at [Plaintiff]." (*Id*. at ¶ 11.) Plaintiff attempted to dodge the charging animal in an "attempt to stay out of the dog's grasp." (*Id*. at ¶¶ 11, 12.) Plaintiff was unsuccessful in his attempt, and the dog bit into Plaintiff's flesh, after which "one of the Defendants approached [him] from behind and struck [Plaintiff] on the back of the head with an object, . . . until [Plaintiff] was knocked unconscious." (*Id.* at ¶¶ 13-15.) The dog did not release Plaintiff's arm from its mouth, and Defendants continued to strike Plaintiff. (*Id.* at ¶ 16.)

---

[1] Defendant Ryan and the City of Harrisburg remained defendants in the action, as amended.

[2] As required when deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations contained in Plaintiff's amended complaint. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

3

During the beating, Plaintiff realized, for the first time, that his attackers were police officers in full uniform, and that the dog was a police dog. (*Id*. at ¶ 17.) The Unidentified Defendants and Officer Ryan ignored Plaintiff's requests for help and continued to beat Plaintiff, whose arm was still in the dog's mouth. (*Id*. at ¶¶ 18, 20.) As a result of the beating, Plaintiff sustained a broken left tibia and serious injury to the muscle in his arm, and was hospitalized for seven days at Hershey Medical Center, during which time he had to undergo several surgical procedures. (*Id.* at ¶¶ 26-29.)

After his discharge from the hospital, Plaintiff was taken to the police station and charged with resisting arrest, escape, flight to avoid apprehension, and taunting a police animal. (*Id*. at ¶ 30.) The charges were ultimately dismissed[3] and not refiled. (*Id*. at ¶¶ 31-32.)

At Count I of his complaint, Plaintiff contends that Defendants Ryan, John Doe 1, and John Doe 2 used excessive and unlawful force to effectuate his arrest. At Count II, Plaintiff contends that the City of Harrisburg maintained policies, practices, and customs, which were the moving force that resulted in the excessive force.

Defendants move to dismiss Count I as to the Unidentified Defendants on the basis that the statute of limitations bars any claim against John Doe 1 and John Doe 2, and move to dismiss Count II in its entirety, arguing that Plaintiff has not adequately pled that any policy, practice, or custom was the moving force behind the alleged constitutional violations. In response, Plaintiff argues that the Unidentified

---

[3] Plaintiff alleges that the charges were dropped at the preliminary hearing as a result of Defendant Ryan's failure to appear. (Doc. 20 at ¶ 31.)

Defendants were properly added to this action because the facts giving rise to their liability relate back to those set forth in the original complaint, and further argues that he has adequately pled a proper claim against the City of Harrisburg for *Monell* liability. The arguments raised in the motion will be addressed *ad seriatim*.

**II.      Legal Standard**

Defendants' motion challenges Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When adjudicating a motion to dismiss for failure to state a claim, the court must view all the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Reuben v. U.S. Airways, Inc.*, Civ. No. 12-CV-2842, 2012 WL 4513236, *1 (3d Cir. Oct. 3, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. at 679 (2009); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The "plausibility

5

standard" requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. *Reuben*, 2012 WL 4513236 at * 1 (citing *Iqbal*, 556 U.S. at 678). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Santiago v. Warminster Twp.*, 629 F.3d 121, 129-30 (3d Cir. 2010), the Third Circuit applied the principles of *Iqbal* and *Twombly* and set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss. Under the test set forth in *Santiago*, the district court must initially "take note of the elements a plaintiff must plead to state a claim." *Id.* at 130. Next, the court should identify allegations that "are no more than conclusions" and thus, "not entitled to the assumption of truth." *Id.* Lastly, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

### III.      **Discussion**

6

As Plaintiff brings his claims pursuant to Section 1983, the court will briefly address the law as it pertains to that statute. Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendants' motion does not challenge whether the Unidentified Defendants were acting "under color of state law" or whether the right to be free from excessive force is secured by the Constitution. Instead, whether Plaintiff's Section 1983 claim against the Unidentified Defendants can survive the instant motion depends upon whether Plaintiff has complied with the statute of limitations.

### A. Statute of limitations raised in motion to dismiss

The Federal Rules of Civil Procedure indicate that a statute of limitations defense generally cannot be used in the context of a Rule 12(b)(6) motion.[4] *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("[A] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion."). However, it is well-established that an exception may be made where "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Fidelity Nat. Title Ins. Co. v. Craven*, Civ. No. 12-CV-4306, 2012 WL 5881856, *5 (E.D. Pa. Nov. 21, 2012) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)). A court may not dismiss a claim on a Rule 12 motion "where the face of the [complaint] does not unequivocally reveal whether a cause of action has been commenced within the limitations period." *Id.* (citing *Robinson*, 313 F.3d at 135); *see also Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 358-59 (E.D. Pa. 2001) (holding that for a Rule 12 dismissal of a claim as time-barred, noncompliance with limitations period must clearly appear on the face of the pleading).

#### 1. Applicable statutes of limitations

---

[4] Rule 12(b) states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . ." Fed. R. Civ. P. 12(b). The defenses listed in Rule 12(b) do not include statutes of limitations defenses. *See id.*

Although federal statutory law does not contain a specific statute of limitations for such actions, it is well-established that an excessive force claim under Section 1983 is subject to the state statute of limitations governing personal injury actions. *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa. C.S. § 5524, in determining that a Section 1983 claim must be filed no later than two years from the date the cause of action accrued. *See Lake v. Arnold*, 232 F.3d 360, 368-69 (3d Cir. 2000). A claim under Section 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." *Sameric*, 142 F.3d at 599.

### 2. **Analysis**

Here, the Unidentified Defendants were not named or even mentioned in Plaintiff's original complaint. Rather, the Unidentified Defendants were appeared in this case for the first time in Plaintiff's amended complaint, filed on February 6, 2013. (Doc. 20.) Based on the averments set forth in either the original or amended complaint, the latest date on which the Unidentified Defendants' alleged actions could have occurred was September 26, 2010, the date Plaintiff suffered the alleged "beating." Accordingly, the two-year statute of limitations expired on September 26, 2012, nearly six months before the claims against the Unidentified Defendants were added to this action. Thus, Plaintiff's claims against the Unidentified Defendants are time-barred unless the amendments relate back to the date the original complaint was filed. Federal Rule of Civil Procedure 15(c) governs the relation back of amended complaints. Rule 15(c) provides, in pertinent part, as follows:

> **(c) Relation Back of Amendments.**
>
> > (*1*) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
> >
> > * * *
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the identity of the proper party's identity.

Fed. R. Civ. P. 15(c)(1); *see also DiLauri v. Mullen*, 477 F. App'x 944, 947 (3d Cir. 2012).

In the matter *sub judice*, it is apparent that Plaintiff's claims against the Unidentified Defendants arise out of the same conduct and occurrences set forth in the original complaint, namely the circumstances surrounding Plaintiff's arrest on September 26, 2010. However, since the Unidentified Defendants were named in this action by amendment, Rule 15(c)(1)(C) requires that: (i) they must have received notice of the institution of the action within 120 days (the period provided by Rule

10

4(m)) following the filing of the original complaint; and (ii) they knew or should have known that they were intended to be named as parties to the lawsuit but for Plaintiff's mistake concerning the proper party's identity. Both requirements must be met before Plaintiff's claims against the Unidentified Defendants may be found to relate back to the filing of the original complaint. In this case, the court sees no need to consider the notice requirement because Plaintiff has failed to meet the requirement of Rule 15(c)(1)(C)(ii).

To satisfy the requirement of Rule 15(c)(1)(C)(ii), "the plaintiff must demonstrate that a mistake concerning the *identity* of the proper party existed at the time the complaint was filed." *Schach v. Ford Motor Co.*, 210 F.R.D. 522, 527 (M.D. Pa. 2002) (emphasis in original) (citing *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995). Here, Plaintiff has not alleged or otherwise indicated any mistake as to the identity of the Unidentified Defendants at the time he filed his original complaint. In fact, neither John Doe 1 nor John Doe 2 were even identified by their proper names upon being added, and remain unidentified to date. Nothing prevented Plaintiff from naming these Defendants in the same manner in the original complaint.

Indeed, this is not a case where Plaintiff seeks to substitute a named defendant for a fictitious defendant identified as a party in the original complaint. *See, e.g., Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 200-01 (3d Cir. 2001) (noting Rule 15(c)(1)(C)(ii) may be satisfied when a plaintiff lacked knowledge of the identity of a john doe defendant when the original complaint was filed). Nor is this a case where a *pro se* plaintiff made a legal mistake and sued the wrong party. *See, e.g., Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 457-58 (3d Cir.

11

1996) (holding that the plaintiff should be allowed to show on remand that he satisfied Rule 15(c)(1)(C)(ii) where he mistakenly sued the police department instead of individual police officers); *see also DeLauri*, 477 F. App'x at 947. Rather, Plaintiff's original complaint simply did not intend to sue any individual officer other than Officer Ryan. In that complaint, Plaintiff asserted that Officer Ryan was the officer who used excessive force while effectuating the arrest. He did not assert, as he did in his amended complaint, that other officers even participated in the arrest or otherwise subjected him to excessive force. In short, the factual existence of the Unidentified Defendants first arose in Plaintiff's amended complaint, which was filed several months after the original filing and post-dating the expiration of the statute of limitations.

Based on the foregoing, the claims against the Unidentified Defendants set forth in the amended complaint do not relate back to the date of the original complaint in this matter. Since the amended complaint was filed after the expiration of the two-year statute of limitations, the claims against the Unidentified Defendants are time-barred and will be dismissed.[5]

### B. Claims asserted against the City of Harrisburg

---

[5] Plaintiff argues that the claims against the Unidentified Defendants relate back because the Unidentified Defendants received notice of the action, share the same attorney, and have an identity of interest. Additionally, Plaintiff contends that the fact he initiated the action *pro se* should pardon his failure to name John Doe 1 or John Doe 2 in the original complaint. The court rejects this argument in its entirety. It would be absurd to impute notice of the action upon the Unidentified Defendants when there was only one tortfeasor identified, specifically or otherwise, in the original complaint. Moreover, the liberal pleading requirements in the federal rules and favorable standard applicable to *pro se* litigants do not compel a different result. Indeed, this is not strictly a case of failing to comply with rules or procedure. Rather, Plaintiff's amended complaint inserts two individuals, neither of whom were mentioned in the original complaint in any capacity, into the factual recitation. Their "miraculous" appearance has nothing to do with Plaintiff's prior *pro se* status.

12

A local government cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor . . . [or] on a respondeat superior theory" (emphasis in original)). However, "the government as an entity is responsible under § 1983" when it "caused" the plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 590 (M.D. Pa. 2008) (citing *Monell*, 436 U.S. at 694).

To state a claim against a municipality based on 42 U.S.C. § 1983, "the alleged constitutional violation must carry out either an official policy or a custom so 'well-settled as to virtually constitute law.'" *Peterson v. City of Uniontown*, 441 F. App'x 62, 63 (3d Cir. 2011) (citing *McTernan v. City of York*, 564 F.3d 636, 657-58 (3d Cir. 2009)).[6] To survive a motion to dismiss, the plaintiff must allege that a "policy or custom of the [municipality] defendants was the moving force behind the

---

[6] The Third Circuit has outlined three circumstances in which municipal liability will attach under Section 1983:

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity; second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy; third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes.

*See McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (internal citations omitted). The Third Circuit has also made clear that liability can be imposed on a municipality based on its failure to train its employees where plaintiff can show a pattern of violations or where that failure to train demonstrates deliberate indifference on the part of the municipality. *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

constitutional violation." *Brown v. Culp*, Civ. No. 11-CV-1734, 2011 WL 6003900, *9 (M.D. Pa. Oct. 27, 2011) (citing *Kokinda*, 557 F. Supp. 2d at 587); *see also Peterson*, 441 F. App'x at 63 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)). To be the "moving force," the constitutional violation must "result from 'deliberate indifference to the constitutional rights of the [municipality's] inhabitants.'" *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). When the plaintiff bases his *Monell* allegations on an alleged failure to train or discipline, deliberate indifference can be shown where the need for more training or discipline to prevent violations of constitutional rights was obvious. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *City of Canton*, 489 U.S. at 390).

    In the amended complaint, Plaintiff sets forth facts that could arguably support a conclusion that the City of Harrisburg failed to adequately train or supervise its officers in relation to the use of force to effectuate an arrest of a complacent suspect. Notably, there is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss. *See Carter v. City of Phila.*, 181 F.3d 339, 357-58 (3d Cir. 1999). However, a plaintiff must adequately give notice to a municipality-defendant for the basis of its claim, which requires some specificity as to the custom, policy, or procedure which caused the plaintiff's injuries as opposed to a generic and unspecified reference to a custom, policy, or procedure. *See McTernan*, 564 F.3d at 658 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)) (affirming district court's dismissal of complaint because it "g[ave] no notice as to the Defendant[ ]'s improper conduct, simply alleg[ing] that [plaintiff's] rights were violated due to the City's policy of

14

ignoring First Amendment right[s]."); *see also Groman*, 47 F.3d at 637 (holding that "vague assertions" of police department's failure to train or investigate wrongdoings are insufficient to give notice to the City in support a *Monell* claim); *Bush v. City of Scranton*, Civ. No. 11-CV-0670, 2011 WL 5089458, *3 (M.D. Pa. Oct. 26, 2011).

        Here, Plaintiff has pled sufficient facts to make out a plausible *Monell* claim that – at least for the purposes of a motion to dismiss – must be allowed to go forward. Plaintiff's factual support for the *Monell* claim is thin, but not unusually so for a case at this early stage in the proceedings. *See, e.g., Oswald v. Gibbons*, Civ. No. 10-CV-6093, 2011 WL 2135619, *5 (E.D. Pa. May 31, 2011) ("Although [the] plaintiff faces a high burden in establishing *Monell* liability based on a custom or practice of a failure to train, such an allegation is sufficient under *Monell*."). Plaintiff sets forth facts implicating the improper use of a police dog to effectuate his arrest, during which Plaintiff alleges he did not resist. Plaintiff's claim, namely that such use of force was caused by a failure to have proper procedures or adequately train officers regarding proper use of police dogs, is more than a reference to a generic custom or policy and it adequately gives notice to the City of Harrisburg of the improper conduct that Plaintiff contends was the moving force behind the constitutional violation. (*See* Doc. 20 at ¶¶ 34, 45-56.) Accordingly, at this point, the court will deny Defendants' motion to dismiss Plaintiff's Section 1983 *Monell* claim for municipal liability.

### IV. <u>Conclusion</u>

        The claims against the Unidentified Defendants set forth in the amended complaint do not relate back to the date of the original complaint, as no actor, other

than Defendant Ryan, was alleged to be the individual who subjected Plaintiff to excessive force. Because a claim against the Unidentified Defendants was asserted for the first time more than two years following the date of accrual, and because Plaintiff has failed to establish the requirements of Rule 15(c)(1), such a claim is barred by the statute of limitations set forth at 42 Pa. C.S. § 5524. Accordingly, Defendants' motion to dismiss the Unidentified Defendants from the action will be granted. Furthermore, because Plaintiff has sufficiently pled that a policy, practice, or custom was a moving force behind the alleged constitutional violation, it would be premature to dismiss Plaintiff's claims without the benefit of discovery. Accordingly, Defendants' motion to dismiss Plaintiff's *Monell* claim will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: April 1, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL E. MOORE, SR.,** | : |
| **Plaintiff** | : CIVIL No. 1:12-CV-1875 |
| v. | : |
| **THOMAS F. RYAN,** | : |
| **JOHN DOE 1, JOHN DOE 2, and** | : |
| **CITY OF HARRISBURG, PA,** | : |
| | : **JUDGE SYLVIA H. RAMBO** |
| **Defendants** | : |

# **O R D E R**

In accordance with the accompanying memorandum of law, Defendants' motion to partially dismiss Plaintiff's amended complaint (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion is **GRANTED** to the extent that Defendants John Doe 1 and John Doe 2 are dismissed from the action, with prejudice.

2. Defendants' motion is **DENIED** in all other respects.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: April 1, 2013.